## CECIL J. BURRILL vs. SAMUEL A. PARSONS.

### Somerset. Opinion June 29, 1880.

*Promissory note. New trial.*

The rule is firmly established that the holder of negotiable paper, taking it in the usual course of business, for a sufficient consideration, before its maturity, and ignorant of any facts impeaching its validity, can recover against the maker; and when the verdict of the jury is not in accordance with this rule, a new trial will be granted.

ON MOTION.

*J. Baker*, for the plaintiff.

*D. D. Stewart*, for the defendant.

The jury were authorized to find from the testimony that the note in suit was originally attached to a written contract which made part of it, and from which it had been fraudulently separated, which rendered the note void even in the hands of a *bona fide* purchaser, which this plaintiff was not. *Johnson v. Heagan*, 23 Maine, 329; *Gerrish v. Glines*, 56 N. H. 9; *Benedict v. Cowden*, 49 N. Y. 376.

There was no consideration for the note. It was fraud in Thompson to dispose of the note until the goods had been furnished and sold and equally fraudulent in the plaintiff to take the note. *Denniston* v. *Bacon*, 10 Johns. 198 ; 2 Pars. Notes & Bills, 539, 534.

The frauds perpetrated by this Mahan and his agents in New England, New York and Michigan, have become matters of such historical and common notoriety that the court ought to take judicial notice of them. 1 Wharton Ev. § § 328, 338 ; "*The Minne*," 1 Blatchford's Prize Cases, 333 ; *Ohio Life Ins. Co.* v. *Debott*, 16 How. 435.

An existing intention is as much an existing fact as any other fact. And the want of it is like the want of any other fact. Fraud may consist in intention or in the want of it. An intention not to pay for property purchased, constitutes fraud. *Dow* v. *Sanborn*, 3 Allen, 181 ; *Kline* v. *Baker*, 99 Mass. 255 ; *Wiggin* v. *Day*, 9 Gray, 97 ; *Rowley* v. *Bigelow*, 12 Pick. 307 ; *Bryant* v. *Ins. Co.* 22 Pick. 200.

The jury found this fraud was committed by the party taking the note and the law presumes the plaintiff to be simply the agent of the perpetrator of the fraud. *Bailey* v. *Bidwell*, 13 M. & W. 73 ; *Fitch* v. *Jones*, 5 E. & B. 244, (85 Eng. Com. Law, 243) ; *Smith* v. *Braine*, 16 A. & L. 244, (71 Eng. Com. Law, 251 ; *Harvey* v. *Towers*, 6 Exch. 656 ; *Paton* v. *Coit*, 6 Mich. 505. This presumption of law was not overcome by the plaintiff in the evidence presented to the jury.

Counsel admits that the plaintiff had notice of the obligation given the defendant, but denies that he knew its contents. But notice of the existence of a paper is notice of its contents. *Pike* v. *Collins*, 33 Maine, 39 ; *Bancroft* v. *Consen*, 13 Allen, 50 ; *Shaw* v. *Spencer*, 100 Mass. 382 ; *Sturtevant* v. *Jaques*, 14 Allen, 523 ; *Connihan* v. *Thompson*, 111 Mass. 270 ; Bigelow on Fraud, 288 & 289.

The plaintiff then had notice of the obligation. The note and obligation make but one contract, and the note is therefore nonnegotiable. *Davlin* v. *Hill*, 11 Maine, 434 ; 2 Pars. Bills & Notes, 534, 539 ; *Bank* v. *Blanchard*, 7 Allen, 334 ; *State* v.

*Stratton,* 27 Iowa, 420, (1 Am. 283) ; *Cushing* v. *Field,* 70 Maine, 50.

APPLETON, C. J. This is an action of assumpsit by the plaintiff as indorsee of a note signed by defendant of the following tenor :

"$433.75. "Dead River, Maine, Oct. 1, 1874.

One year after date I promise to pay to the order of C. B. Mahan, Agent, four hundred and thirty-three seventy-five one hundredths dollars, at the First National Bank, Skowhegan, Maine. Value received.

SAMUEL A. PARSONS."

(Indorsed.) "C. B. Mahan, Agent, Granite Agricultural Works, Lebanon, N. H."

The defendant when he gave the note, announced to the public generally, to whomsoever it might concern, that the note was given for value and that he would pay the same to any *bona fide* indorsee before its maturity.

The defence relied upon is want of consideration. At the time the note was given, the payee of the note gave a contract to deliver certain specified agricultural instruments to the amount of the note, and to assist the defendant in selling the same, and if not sold, to take them off his hands at the price at which they were billed to him.

The contract was a valid one. It was a good consideration for the note. Indeed, it recites that payment was made therefor by the note, "received payment by note due October 1, 1875, payable at First National Bank, Skowhegan, Maine." The defendant, in his testimony, says he "gave a note for this contract to furnish me [him] with these goods just as it reads." It is the simple case of two contracts given at the same time, one the consideration of the other.

It is claimed that the note and contract were both on the same paper and were to be construed together. The evidence entirely fails to show that such was the case. The defendant in his cross examination will not so testify and from his testimony we are satisfied it was not so. Besides, the very contract itself refers to the note as a distinct contract payable at a particular bank, and

obviously to be regarded as something separate from the agreement of which it was the consideration.

The alleged fraudulent representations are but a verbal statement of the substance of the contract.

The plaintiff testifies that shortly after the note was given, he purchased it of the payee and gave $364.35 in cash for the same. He denies all knowledge of fraud in the procuration of the note, or of the existence of the contract for which the note was given. There is no evidence whatever of a contradictory tendency. The amount paid tends to negative knowledge on his part of any fact rendering the note invalid. The note does not refer to any contract to which it is subject, as was the case in *Cushing* v. *Field*, 70 Maine, 50. The fact that it was made payable at a bank, and to the order of the payee is an indication that it was intended for negotiation.

That the plaintiff after his purchase of the note may have seen a contract similar in its terms to the one produced, can in no way affect his right to recover, inasmuch as it was long after he was the indorsee of the note, for value.

The plaintiff was the indorsee of the note before maturity and for value. There is no proof of any knowledge on his part of any facts tending to invalidate the note. There is no evidence, that had it not been for loss by fire, the defendant's contract would not have been fully performed. If the defendant is a loser, it is his own folly that he made his note payable to order.

The plaintiff should not suffer by his reliance upon the defendant's promise. The rule is firmly established that the holder of negotiable paper, taking it in the usual course of business for a sufficient consideration before its maturity, and ignorant of any facts impeaching its validity, can recover against the maker. *Kellogg* v. *Curtis*, 65 Maine, 59; *Farrell* v. *Lovett*, 68 Maine, 326.

*Motion sustained, new trial granted.*

DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.